## UNITED STATES DISTICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| CHALLENGE MANUFACTURING COMPANY, LLC, a Delaware limited liability company,<br><br>  Plaintiff,<br><br>v.<br><br>FLUXYM CANADA, INC.,<br><br>  Defendant. | Case No.: 1:24-cv-981<br>Hon.:<br>Mag. Judge:<br><br><br><br>Removed from Kent County Circuit Court, Case No. 05548 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Fluxym Canada, Inc. ("Fluxym") files this Notice of Removal under 28 U.S.C. §§ 1441(b) and 1446(b), removing the above-captioned case to the United States District Court for the Western District of Michigan because there is diversity of citizenship between the parties and the stated amount in controversy exceeds $75,000.

### I.   PROCEDURAL POSTURE

1. On June 7, 2024, Plaintiff Challenge Manufacturing Company, LLC ("Challenge" or "Plaintiff") filed its Original Summons & Complaint ("the Complaint") in the lawsuit styled *Challenge Mfg. Company, LLC*, *v. Fluxym Canada, Inc.,* Case No. 05548 in the Circuit Court for the County of Kent, Michigan (the "State Court Action"), in which Challenge alleges, *inter alia,* that Fluxym breached the terms of a Statement of Work ("SOW") dated December 29, 2020 and seeks rescission and actual damages. Plaintiff's Complaint is annexed hereto as **Exhibit A**.

1

2. On August 22, 2024, the undersigned, on behalf of Fluxym, accepted service of Plaintiff's Complaint. Defendant's waiver of service, along with the other items on the state Court docket, are annexed hereto as **Exhibit B**.

## II. PLAINTIFF'S ALLEGATIONS

3. Plaintiff and Fluxym entered into a Statement of Work for Fluxym to implement Ivalua's software, a third-party automated accounts payable system, into Plaintiff's existing software system. *See* Exhibit A at ¶ 1.

4. Plaintiff separately had an SOW with Ivalua related to the implementation project. *Id.* at ¶ 23

5. Plaintiff alleges that after three (3) years, Fluxym was unable to complete the integration of Ivalua's software with Plaintiff's existing software, Plex, as originally contemplated in the SOW. *Id.* at ¶ 3.

6. Specifically, Plaintiff alleges that Fluxym was unable to implement optimal character recognition ("OCR") into Ivalua's software. *Id.* at ¶¶ 21, 36.

7. Plaintiff alleges it would not have contracted with Fluxym had it known Fluxym could not complete performance under the SOW. *Id.* at ¶ 22.

8. On March 6, 2024, Plaintiff alleges it sent a letter to Fluxym and Ivalua, terminating their respective SOWs for failure to perform. *Id.* at ¶ 41. Therein, Plaintiff demanded a refund of all funds paid to Fluxym and Ivalua pursuant to the SOWs, totaling approximately $361,000. *Id.* at ¶ 42.

9. Fluxym responded to Plaintiff denying Plaintiff's alleged damage, and stating it will not be refunding any payments to Plaintiff. *Id.* at ¶ 43.

10. Plaintiff alleges that Fluxym breached the SOW, a contract, when it failed to integrate Ivalua's software into Plaintiff's systems. *Id.* at Count I. Further, Plaintiff claims Fluxym engaged in fraud and seeks rescission of the contract. *Id.* at Counts II – IV.

11. Fluxym denies the allegations in their entirety, as Fluxym never breached the terms of the SOW, nor the amended SOWs, and any allegations to the contrary are based on inaccurate information. Plaintiff is not entitled to rescission for lack of consideration or mistake. Further, Fluxym never engaged in fraud in connection with this SOW, as it continued to work closely with Plaintiff to accomplish the integration.

### III. PROCEDURAL REQUIREMENTS FOR REMOVAL

12. Fluxym was served with Plaintiff's Original Complaint on August 22, 2024. *See* Exhibit B. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) within thirty (30) days of receipt of the initial pleading setting forth a claim for relief. *Murphy Bros., Inc. v. Michette Pipe Stringing, Inc.*, 199 S. Ct. 1322, 1328-29 (1999).

13. The state court has not signed any orders in this case.

14. Pursuant to 28 U.S.C. § 1446(a), Fluxym attaches the following documents:

   a. Plaintiff's Complaint in the State Court Action, attached as Exhibit A; and

   b. All pleadings asserting causes of action, along with all other documents included in the State Court Action file, attached as Exhibit B.

15. No executed processes have been filed with the Clerk of the Kent County Circuit Court, and no scheduling or case management order has been issued as of the date of this filing.

16. Under 28 U.S.C. § 1442(a), venue of the removed action is proper in this Court as this is the district where the state action is pending.

17. Plaintiff's counsel has offered no objection to Fluxym's Notice of Removal to this point.

18. Fluxym will promptly give Plaintiff written notice of this Notice of Removal as required by 28 U.S.C. § 1446(d). Fluxym will also promptly file a copy of this Notice of Removal with the Clerk of the Kent County Circuit Court, where the action is currently pending also pursuant to § 1446(d).

## IV. BASIS FOR REMOVAL

19. Fluxym would show the basis for removal is diversity jurisdiction under 28 U.S.C. § 1332.

20. There is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332.

21. Plaintiff is a domestic non-profit limited liability company, organized under Delaware law with a principal place of business in Michigan. *See* Exhibit A at ¶ 8.

22. Pursuant to Michigan state records, upon information and belief Plaintiff has one member who is domiciled in Michigan.

23. Fluxym is a foreign for-profit corporation incorporated in Quebec, Canada with its principal place of business in Quebec, Canada. *Id.* at at ¶ 9.

24. Accordingly, there is diversity of citizenship between the parties.

25. The amount in controversy in this case exceeds $75,000.00. Plaintiff seeks monetary damages for $414,482.94, plus interest, attorneys' fees, and court costs.

26. Therefore, there is diversity jurisdiction and removal is proper. 28 U.S.C. § 1332.

## **PRAYER FOR RELIEF**

Based on the foregoing, Defendant Fluxym Canada, Inc. prays that this case be removed to the United States District Court for the Western District of Michigan, and for all other relief to which it may be entitled.

                                    Respectfully Submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: /s/ Luke D. Wolf
     Luke D. Wolf (P81932)
     *Counsel for Defendant Fluxym Canada, Inc.*
     37000 Woodward Avenue, Suite 225
     Bloomfield Hills, MI 48304
     (313) 756-6404 | (313) 406-7373 (fax)
Date: September 19, 2024     lwolf@grsm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 19, 2024, a true and accurate copy of the foregoing Defendant's Notice of Removal to Federal Court was filed with the Clerk of the Court of the United States District Court for the Western District of Michigan by way of the Court's CM/ECF electronic case filing system, and served upon Counsel for Plaintiff Challenge Manufacturing Company, LLC via electronic mail and FedEx overnight delivery to the following address:

>Seikaly & Zeman, P.C.
>Attn: Jeffrey T. Stewart, Esq.
>38500 Woodward Avenue, Suite 350
>Bloomfield Hills, MI 48304
>jts@sslawpc.com

Dated:     09/19/2024                              By: /s/ Amanda L. Smith
                                                   Amanda L. Smith
                                                   Gordon Rees Scully Mansukhani, LLP